NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 15 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DISCOUNT ELECTRONICS, INC., et al., | No. 22-55133 |
| Plaintiffs-Appellants, | D.C. No. 2:21-cv-08155-SVW-MAA |
| v. | MEMORANDUM[*] |
| WESCO INSURANCE COMPANY, et al. | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted February 6, 2023[**]
Pasadena, California

Before: BOGGS,[***] IKUTA, and DESAI, Circuit Judges.

Appellants ("the Policyholders") are a group of retail businesses seeking coverage for COVID-19-related losses under a property-insurance policy ("the Policy")

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Danny J. Boggs, Senior Circuit Judge of the United States Court of Appeals for the Sixth Circuit, sitting by designation.

issued by Wesco Insurance Company ("Wesco"). After Wesco denied coverage, the Policyholders sued. The district court granted Wesco's motion to dismiss, holding that the Policyholders failed to plausibly allege that their losses were covered under the Policy and that, in any event, an exclusion ("the Virus Exclusion") barred coverage. We have recently certified to the California Supreme Court the question of whether, under California law, COVID-19-related losses might be covered under a policy containing language similar to the one at issue. However, because the Virus Exclusion clearly bars coverage, we affirm.

1.  In their complaint, the Policyholders alleged that "[t]he presence of COVID-19 on . . . [their] properties, causes a distinct, demonstrable, physical change and/or tangible alteration which results in continuous physical loss and/or damage to the propert[ies]." As a result, the Policyholders incurred expenses "to restore and remediate the air and surfaces at its properties" and were required to "limit or cease operations."

After Wesco denied their claim for reimbursement under the Policy, the Policyholders sued for breach of contract, breach of the implied covenant of good faith and fair dealing, unfair business practices, unjust enrichment, negligent misrepresentation, and declaratory relief. The district court dismissed their claims, holding that the Policyholders did not allege "direct physical loss or damage" to their properties sufficient to trigger coverage under California law and that, in any event, a

Virus Exclusion contained in the Policy barred coverage.

2. We review de novo the district court's order granting Wesco's motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 15 F.4th 885, 889 (9th Cir. 2021). We have recently acknowledged a split in the California Courts of Appeal over whether allegations concerning the presence of COVID-19 on an insured party's property "suffice to state a viable claim for 'direct physical loss or damage to property.'" *Another Planet Ent., LLC v. Vigilant Ins. Co.*, 56 F.4th 730, 733 (9th Cir. 2022). Because we have already certified the issue to the California Supreme Court, *id.* at 734, we decline to address it here.

3. Nevertheless, we affirm the district court's order because the Policy's Virus Exclusion bars coverage. In relevant part, the "Exclusion of Loss Due to Virus or Bacteria" expressly provides:

> [Wesco] will not pay for loss or damage caused by or resulting from any virus, bacterium or other microorganism that induces or is capable of inducing physical distress, illness or disease.

This exclusion applies to all "forms or endorsements that cover business income, extra expense or action of civil authority."

The Policyholders argue that the Virus Exclusion does not apply because governmental stay-at-home orders—rather than COVID-19—caused their losses.

3

We have already rejected this argument. *Mudpie*, 15 F.4th at 894. In *Mudpie*, we explained that, under California law, "where there is a concurrence of different causes, the efficient cause—the one that sets others in motion—is the cause to which the loss is to be attributed, though the other causes may follow it, and operate more immediately in producing the disaster." *Ibid.* (quoting *Sabella v. Wisler*, 377 P.2d 889, 895 (Cal. 1963)). A "remote cause," on the other hand, will not preclude coverage. *Ibid.* (citing *Garvey v. State Farm Fire & Cas. Co.*, 770 P.2d 704, 707 (Cal. 1989). Although the stay-at-home orders undoubtedly operated to produce the Policyholders' losses, the Policyholders have not plausibly alleged that "the efficient cause" was anything other than the spread of the virus throughout California. *Ibid.* Indeed, they acknowledge that "[t]he transmission of COVID-19 . . . contributed to the issuance of the orders."

The Policyholders further argue that the Virus Exclusion does not apply because Wesco did not include a publicly available Pandemic Exclusion in the Policy.

We disagree. The context in which the Virus Exclusion was drafted is informative. In 2006, in the wake of the SARS outbreak (caused by the SARS-CoV virus), the Insurance Service Office (ISO) created the Virus Exclusion to provide an industry-standard exclusion for use in property-insurance policies. *See Marina Pac. Hotel & Suites, LLC v. Fireman's Fund Ins. Co.*, 296 Cal. Rptr. 3d 777, 791 (Ct. App. 2022). The Virus Exclusion bars coverage for losses resulting from viruses

capable of inducing physical distress, illness, or disease. COVID-19 is a disease caused by SARS-CoV-2. Arguing that the Virus Exclusion does not apply to bar coverage for losses stemming from the COVID-19 pandemic "defies the plain and unambiguous text of the Policy and is akin to arguing that a coverage exclusion for damage caused by fire does not apply to damage caused by a very large fire." *W. Coast Hotel Mgmt., LLC v. Berkshire Hathaway Guard Ins. Cos.*, 498 F. Supp. 3d 1233, 1242 (C.D. Cal. 2020).

The Policymakers do not produce—and we are not aware of—any case decided under California law suggesting that this Virus Exclusion fails to bar coverage for COVID-19-related losses. To the contrary, apparently every court to have considered these facts under California law has held otherwise. *Compare Mudpie*, 15 F.4th at 894 (holding an exclusion with identical language to bar coverage for COVID-19-related losses)*, and Musso & Frank Grill Co. v. Mitsui Sumitomo Ins. USA*, 293 Cal. Rptr. 3d 1, 6–7 (Ct. App. 2022) (same)*, with Marina Pac. Hotel & Suites*, 296 Cal. Rptr. 3d at 791 (upholding the possibility of coverage where the policy did not contain "the all-encompassing language of the ISO virus exclusion").

Because the Policyholders have failed to allege that the efficient cause of their losses was anything other than the spread of COVID-19, the plain language of the Virus Exclusion bars coverage of their claims.

4. The Policyholders did not present substantive argument on their remaining

claims. "Arguments not raised by a party in its opening brief are deemed waived."

*Friends of Yosemite Valley v. Kempthorne*, 520 F.3d 1024, 1033 (9th Cir. 2008);

*Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986).

**AFFIRMED.**